# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Rodriguez,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-12-0490-PHX-FJM (JFM)<br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 8, 2012 (Doc. 1). On October 26, 2012 Respondents filed their Limited Response (Doc. 15). Petitioner has not filed a reply.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

Petitioner was implicated in the death of a two year old, the son of Petitioner's roommate, and co-defendant, Boyd. (Exhibit E, Mem. Dec. at 1-5.) (Exhibits to the Answer, Doc. 15, are referenced herein as "Exhibit ___.") Petitioner and Boyd were charged with first degree felony murder and one or more count(s) of child abuse. (Exhibit A, Complaint (listing one count of child abuse; Exhibit E, Mem. Dec. at 5

(listing two counts).)

Petitioner was convicted of first degree felony murder and child abuse, and on January 11, 2008 was sentenced to life in prison on the murder, consecutive to a 17 year sentence on the child abuse charge. (Exhibit B, Sentence.)

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a Notice of Appeal (Exhibit C), and in a brief filed December 8, 2008, raised a single claim that the theory of child abuse relied upon for both convictions had been found by the trial court to be insufficient as a matter of law, and yet was included in the final jury instructions. (Exhibit D, Open. Brief at 10; Exhibit E, Mem. Dec. at 6-7.) In an order filed July 23, 2009, the Arizona Court of Appeals affirmed the convictions and sentences, concluding, in part, that the jury could have convicted based upon findings that even if Petitioner had not caused the victim's injuries, Petitioner may have endangered the victim by failing to seek medical help. (Exhibit E, Mem. Dec. at 10-12.)

Petitioner did not seek further direct review. (Exhibit F, Order and Mandate 9/15/09; Petition, Doc. 1 at 3.)

## D. PROCEEDINGS ON POST-CONVICTION RELIEF

Appellate counsel wrote Petitioner on August 4, 2009, advising of the decision and apprising Petitioner of the deadline for a notice of post-conviction relief. Petitioner contends that he had been moved to a new prison complex and did not receive the letter. Petitioner contends that phone calls by his family to counsel's office resulted in messages that his appeal was pending, and that he would be notified in writing when the results came. (Petition, Doc. 1 at 9.) On May 1, 2011, Petitioner wrote appellate counsel to inquire about the status of his appeal. Counsel responded on May 16, 2011, noting the earlier correspondence and recommending that Petitioner "immediately file a Notice of Post Conviction Relief and explain to the court why your Notice is untimely." (Petition,

Doc. 1, Exhibit D;

On November 29, 2011, Petitioner filed a Notice of Post-Conviction Relief (Exhibit G), arguing that his untimeliness should be excused because of his non-receipt of notice of the denial of his direct appeal, and because his mental illness and dependence on prescribed psychotropic medications resulted in his "inability to understand time frames." (Exhibit G, PCR Not., at Exhibit 1.)

On December 13, 2011, the PCR court summarily dismissed the PCR notice as untimely, finding that his mental impairment and use of psychotropic drugs did not, of themselves, justify his delay of two years after denial of the direct appeal. The court further found that counsel had informed Petitioner of the denial and PCR deadline, and that in any event Petitioner had delayed more than six months after again being told of the results and PCR deadlines before seeking relief. (Exhibit H, M.E. 12/13/11.)

Petitioner did not seek further review. (Petition, Doc. 1 at 5.)

### E. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 8, 2012 (Doc. 1). Petitioner's Petition asserts two grounds for relief: (1) a due process argument based upon the errors raised on direct appeal (*i.e.* that the trial judge had ruled the prosecution's theory of child abuse insufficient); and (2) ineffective assistance of appellate counsel for failing to inform Petitioner of the results of his direct appeal.

**Response** - On October 26, 2012, Respondents filed their Response ("Limited Answer") (Doc. 15). Respondents argue that Petitioner's petition is untimely, his untimeliness not subject to equitable tolling, and his claim of ineffective assistance procedurally defaulted.

**Reply** – The Court's service Order provided "Petitioner may file a reply within 30 days from the date of service of the answer." (Doc. 6 at 3.) To date, Petitioner has not replied in support of his Petition, and the time to do so has expired.

# III. APPLICATION OF LAW TO FACTS

## A. TIMELINESS

### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

### 2. Commencement of Limitations Period

**Finality** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner's direct appeal was denied by the Arizona Court of Appeals on July 23, 2009. Thereafter, Petitioner had 30 days to seek further review by the Arizona Supreme Court. Ariz.R.Crim.Proc. 31.19(a). Accordingly, Petitioner's conviction became final on Monday, August 24, 2009, and his one year generally began running thereafter,[1] and expired on August 24, 2010.

**Discovery** - Although the conclusion of direct review normally marks the beginning of the statutory one year, section 2244(d)(1)(D) does provide an alternative of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or

---

[1] The delay in issuance of the Mandate by the Arizona Court of Appeals on September 15, 2009 (Exhibit F) did not delay the finality of the conviction. *Hemmerle v. Schriro*, 495 F.3d 1069 (2007).

the elimination of the disability which prevented discovery.[2]

<u>Actual Discovery</u> - On the basis of the record herein, the undersigned finds that Petitioner's claim of ineffective assistance of appellate counsel was not discovered until Petitioner was advised in May, 2011 that his appeal had been denied. Petitioner contends, and nothing in the record has been offered to the contrary, that Petitioner had been relocated at the time counsel wrote Petitioner, and that Petitioner did not receive counsel's incorrectly addressed 2009 letter.

Respondents only effort to refute these allegations is to point at counsel's May, 2011 letter referencing the earlier letter. (Answer, Doc. 15 at 10.) However, Respondents offer nothing to suggest that the 2009 letter was ever received by Petitioner.

However, the commencement is not delayed until actual discovery, but only until the date on which it "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). A duly diligent defendant ordinarily would have inquired sooner than some two years after an appellate ruling.

Petitioner does assert that his family was inquiring by telephone, and that counsel's office responded with "messages that his appeal was pending and that the Petitioner would be notified in writing when the results came." (Petition, Doc. 1 at 7.) However, Petitioner does not clarify when these contacts occurred, *i.e.* before or after the decision was rendered.

Petitioner further asserts that his mental illness and related medications interfered with his ability to appreciate time, and that in the face of those disabilities, his discovery in May, 2011 with the assistance of a fellow prisoner was due diligence.

The PCR court found Petitioner's claim of mental illness and medications unconvincing as a cause for his delay in seeking its review:

> The fact that the Defendant was on psychotropic drugs and may have a mental impairment does not in itself justify allowing the Defendant to proceed in this Rule 32 proceeding more than two

---
[2] Respondents do not address the application of § 2244(d)(1)(D), and address Petitioner's excuses only in the context of equitable tolling. To the extent applicable, the undersigned considers the arguments on equitable tolling in this context as well.

5

> years after the Order and Mandate was filed and almost four years after the Defendant was sentenced.

(Exhibit H, M.E. 12/13/11 at 2.) Indeed, Petitioner proffers nothing more than his bald claim of illness, medication, and difficulty appreciating time to explain his delays. For example, Petitioner does not suggest that during the two year interim he was incoherent, unable to communicate, unaware of the date, etc.

On the other hand, Respondents proffer nothing to counter Petitioner's allegations concerning calls by his family and the effects of his illness and medications.

While an evidentiary hearing could resolve the matter, the claim of ineffective assistance of appellate counsel is plainly without merit. Accordingly, the undersigned presumes, without deciding, that Petitioner's discovery of his ineffective assistance claim in May, 2011 was the earliest date on which it "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Based on that presumption, his one year would have began running on that claim in May, 2011, and would have expired until May, 2012, making his March, 2012 petition timely as to that claim.

**3. Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, Petitioner's one year on Ground 1 expired on August 24, 2010. His only state post-conviction application was his November, 2011 PCR notice (Exhibit G). At that time his one year limitations period had already been expired for over a year. Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Accordingly, Petitioner is not entitled to statutory tolling with regard to Ground 1.

//

**4. Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

Petitioner contends that he is entitled to equitable tolling based on the reasoning discussed hereinabove in connection with the delayed discovery of Ground Two.

For the reasons discussed hereinabove, the undersigned presumes that Petitioner is entitled to equitable tolling until the discovery of the denial of his direct appeal.

"Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond [his] control," and the deadline should be equitably tolled." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). "However…mental incompetence is not a per se reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001), overruled in part on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002). "[M]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them. Any other conclusion

would perpetuate the stereotype of the insane as raving maniacs or gibbering idiots." *Miller v. Runyon*, 77 F.3d 189, 191 -192 (7th Cir. 1996) (applying equitable tolling to Rehabilitation Act). Here Petitioner's unassailed contention is that his mental illness and medications impeded his ability to pursue his federal petition through his discovery of the denial of his state direct appeal.

Respondents contend that counsel's failure to notify Petitioner does not justify equitable tolling because it is a species of attorney miscalculation that must be attributed to Petitioner. (Answer, Doc. 15 at 10, citing *LaCava v. Kyler*, 398 F.3d 271, 276-277 (3rd Cir. 2005).) *See Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (concluding that a "garden variety" claim of "excusable neglect" or attorney misconduct such as miscalculation of a deadline did not justify equitable tolling, but that an attorney's repeated failures to respond to a client's inquiries over a period of years, and demands for timely action, might establish equitable tolling).

However, here the factual allegations (as opposed to Petitioner's attempts to claim ineffective assistance) are not simply that the lack of notice was as a result of deficient performance or miscalculation by counsel, but rather as a result of the failure of the prison system to deliver counsel's letter to Petitioner at his new prison location.

The Ninth Circuit has "agree[d] with our sister circuits that 'a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'" *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (quoting *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir.2001)).

Nonetheless, even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v.*

*Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). *But see Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), McKeown, J. dissenting (arguing that equitable tolling should work a stoppage of the clock, with a resulting extension of the deadline). Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003).

Here, even after Petitioner discovered the denial of his direct appeal, he did not file his federal habeas petition for some ten months.

Perhaps Petitioner might argue that he was occupied in attempting to bring his state PCR proceeding. Assuming that such intervening trip through the state court was somehow an exercise of due diligence in bringing his federal petition, Petitioner delayed his federal petition some three months after the dismissal of his state proceeding.

In sum, whatever equitable tolling Petitioner might be entitled to as a result of events occurring prior to May, 2011, his actions thereafter break the causation, and render his March, 2012 Petition untimely.

### 5. Actual Innocence

The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

### 6. Summary

Petitioner's conviction became final on conclusion of direct review on August 24, 2009, on the expiration of his time to seek further review in his direct appeal. His one year on Ground One expired a year later, on August 24, 2010, and his subsequent PCR proceeding did not revive it. Assuming Petitioner was entitled to equitable tolling until his actual discovery of the denial of his direct appeal, his failure to exercise reasonable diligence thereafter precludes a finding of equitable tolling sufficient to render his Petition timely as to Ground One. Accordingly, Ground One must be dismissed as

untimely.

Petitioner did not discover the factual predicate of his Ground Two until May, 2011. The undersigned has presumed, for purposes of this Report and Recommendation, that, in light of the circumstances, Petitioner could not have sooner discovered the claim. Under that presumption, his Petition would have been timely as to his claim in Ground Two.

## B. EXHAUSTION & PROCEDURAL DEFAULT

Respondents argue that Petitioner's Ground Two was not properly exhausted, and is now procedurally defaulted and/or was procedurally barred on independent and adequate state grounds.

### 1. Exhaustion Requirement

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona

Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

Here, Petitioner has never filed any appeal, petition for review, or other application with the Arizona Court of Appeals asserting a claim of ineffective assistance of counsel in violation of his Sixth Amendment right to counsel, such as he now asserts in his Ground Two..

<u>Procedural Bar</u> - Respondents argue that the dismissal of Petitioner's PCR Notice as untimely amounted to a denial of his ineffective assistance claim in Ground Two on an independent and adequate state ground. (Answer, Doc. 15 at 13-14.) Ordinarily , such a denial would preclude federal habeas review. "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin*, - - - U.S. - - -, 131 S.Ct. 1120, 1127 (2011).

However, Petitioner asserted no Sixth Amendment Claim in his PCR Notice to which the state court could apply a state bar. To be sure, Petitioner did complain that counsel had failed to notify him of the denial of his direct appeal. However, Petitioner did not identify a claim of ineffective assistance, nor did he cite to the Sixth Amendment nor any other federal authority. (*See generally* Exhibit G, PCR Notice.) Nor did the PCR court identify such a claim. (*See generally* Exhibit H, M.E. 12/13/11.) Thus no independent and adequate state ground has been applied to bar the claim.

<u>Failure to Exhaust</u> - On the other hand, Petitioner's failure to raise his claim (and pursue it to the Arizona Court of Appeals) means he has not properly exhausted his state remedies. Although Petitioner asserted the underlying facts (e.g. the failure to notify him of the appellate denial), a claim has been fairly presented to the state court only if the petitioner has described both the operative facts **and** the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on

other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P. 32.4. (Answer, Doc. 15 at 5.)

**Remedies by Direct Appeal** – As noted hereinabove, under Ariz.R.Crim.P. 31.19, the time for Petitioner to seek further review in his original direct appeal expired in 2009. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31.

**Remedies by Post-Conviction Relief** - Petitioner can no longer seek review by a subsequent PCR Petition.

<u>Waiver Bar</u> - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional

magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[3] The Arizona courts have held that claims of ineffective assistance are waived by simple omission. *Id.*

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appears that such exceptions would apply. The rule defines the

---

[3] Some other types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart,* 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller,* 2008 WL 2651659 (App. 2008).

13

excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Here, Petitioner has long ago asserted the facts underlying his unexhausted claim of ineffective assistance, *i.e.* counsel's failure to apprise him of the denial of his direct appeal. Petitioner has presented no facts to suggest that Paragraph (f) would apply. While his assertions of equitable tolling might be of the kind of facts that would justif relief under Paragraph (f), Petitioner has made no assertion that he has been hampered in

the interim between counsel's May 2011 notice and either the filing of his PCR notice or through the present   Moreover, Petitioner's defaults are not merely untimeliness, but also his failure to present his federal claims in earlier proceedings.  Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.  Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims are all now procedurally defaulted.

### 3.  Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default.  *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Here, Petitioner does not proffer any good cause to excuse his failures to exhaust and procedural defaults on Ground Two.  The undersigned finds none.

**Prejudice** -   Both "cause" and "prejudice" must be shown to excuse a procedural

default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

Petitioner makes no claim of his actual innocence, and the undersigned finds no basis to conclude that Petitioner was actually innocent.

## C. SUMMARY

Petitioner's claims in Ground One were untimely, and are barred by the habeas statute of limitations. Petitioner's state remedies on his claims in Ground Two were not properly exhausted, and are now procedurally defaulted. Accordingly, his Petition must be dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires

that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed March 8, 2012 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED.**

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: January 10, 2013

*James F. Metcalf*
United States Magistrate Judge

12-0490r RR 13 01 07 on HC.docx